### UNITED STATES v. MOSES.

(Circuit Court of Appeals, Second Circuit. December 1, 1897.)

#### No. 12.

CUSTOMS DUTIES—CLASSIFICATION—PAPER.

A very light paper, soft, semitransparent, long-fibered, and dull-finished, which is highly absorbent, and therefore much used by dentists, and which is also used for making paper napkins, *held* to have been dutiable, under paragraph 422 of the act of October 1, 1890, as "paper not specially provided for," and not to have been "tissue paper," so as to be dutiable under paragraph 419.

This is an appeal from a decision of the circuit court, Southern district of New York, which affirmed a decision of the board of

general appraisers, reversing a decision. of the collector of the port of New York in regard to the classification for customs duties of certain merchandise.

The merchandise in question is a very light paper, soft, semitransparent, long-fibered, and dull-finished. It is highly absorbent, and for that reason is much used by dentists. It is also used for making paper napkins, and in connection with a machine called the "cyclostyle" for duplicating impressions. It weighs under 10 pounds per ream of 500 sheets, size 20x30. The collector classified it for duty under paragraph 419 of the tariff act of October 1, 1890: "(419) Papers known commercially as copying paper, filtering paper, silver paper, and all tissue paper, white or coloured, made up in copying books, reams, or in any other form, eight cents per pound," etc. The importer claimed, and the board found, that it was dutiable under paragraph 422 of the same act, which reads: "(422) Paper hangings and paper for screens or fireboards, writing paper, drawing paper, and all other paper not specially provided for in this act, 25 per centum ad valorem." The protest referred to this paragraph with sufficient definiteness, although it gave the wrong paragraph number.

H. D. Sedgwick, for the United States.

W. B. Coughtry, for appellee.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

PER CURIAM. It is not disputed that, unless the merchandise be tissue paper, it is properly included in paragraph 422. There is no other paragraph specially providing for it. The sole question presented, therefore, is whether it is "tissue paper." We do not find in the phraseology of paragraph 419 any reason for holding that the words "tissue paper," as used therein, are not to be interpreted in accordance with the general rule; or that congress intended them to have any other or different meaning from that which they had in trade and commerce. The testimony before the board of general appraisers upon the question whether this importation was one variety of the "tissue paper" of commerce was very conflicting, and the additional evidence taken in the circuit court presents a like conflict. Under the circumstances we see no reason for reversing the decisions below. Decision of circuit court affirmed.